**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALBERT J. MITCHELL, JR.,
GUY LANGLEY, and
DAVEY L. BERGGREN,

      Plaintiffs,

vs.                                                      No. CIV 95-0138 MV

BERNADETTE MOYA, MIKE RENO,
YVETTE FAZEKAS, MARCELLO
VALVERDE, JR., in their individual and
official capacities, acting under color of
state law, and the CITY OF TUCUMCARI,
a municipal corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court for consideration of Plaintiffs' Motion for Award of Attorneys' Fees and Costs, filed January 31, 1996 **[Doc. No. 77]**.  After consideration of the pleadings and the relevant law, the Court finds that Plaintiffs should be awarded reasonable attorneys' fees and costs.  However, the Court finds that the amount Plaintiffs request is excessive.

    The Motion for Attorney's Fees arises in connection with an action brought by Plaintiffs alleging that the City of Tucumcari's sign ordinance violated their rights under the First and Fourteenth Amendments to the Constitution of the United States.  After extensive negotiations, a permanent injunction and declaratory judgment in favor of Plaintiffs was entered on January 4, 1996.

Plaintiffs' counsel litigated this case for approximately thirteen (13) months. During this time Plaintiffs' counsel investigated the underlying facts in the case, researched legal issues, drafted and filed a complaint, drafted and filed an amended complaint seeking class-wide relief, interviewed witnesses, retained an expert witness and conducted discovery. For this work, Plaintiffs' counsel have submitted affidavits which indicate that Mr. Dixon spent 131.5 hours, Mr. Mowery spent 110.6 hours, and Mr. Fitzgerald spent 13.2 hours. Mr. Dixon requests that his rate be set at $200.00 per hour. The requested rate for Mr. Fitzgerald and Mr. Mowery is $140.00 per hour. Plaintiffs' counsel also indicate that a paralegal spent 2.3 hours working on this case and request that the hourly rate for paralegal work be set at $60.00. Plaintiffs' counsel have also submitted a cost statement totaling $1,773.60. In sum, Plaintiffs' counsel request a fees and costs award in the amount of $53,617.75. Mr. Dixon and Mr. Mowery's fee applications are supported by affidavits as well as contemporaneous billing statements.

Defendants' Response raises several objections to Plaintiffs' counsels' request for fees and costs. Defendants point out that numerous time entries for research are vague and that there appears to be substantial duplication of effort between the attorneys working on the case. Defendants also contest the hourly rates, object to Mr. Mowery's billing for

travel time between the Rodey Firm's Santa Fe and Albuquerque offices and question the reasonableness of the hours expended for legal research and drafting of the complaint.

## DISCUSSION

In federal civil rights cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Congress intended to permit an award of counsel fees only when a party has prevailed on the merits. 42 U.S.C. § 1988; Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A party is deemed a "prevailing party" if he "succeeds on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." Id. Defendants made Plaintiff a $50,000 offer of judgment which Plaintiff accepted. A plaintiff who achieves a settlement obtains prevailing party status. See Maher v. Gagne, 448 U.S. 122, 129 (1980); see also Lyte v. Sara Lee Corp., 950 F.2d 101 (2nd Cir. 1991). Therefore, the Court finds, and Defendants do not dispute, that Plaintiff is a "prevailing party" as contemplated by 42 U.S.C. § 1988. This finding, however, only brings the Plaintiff across the statutory threshold, allowing him to petition the Court for fees. Hensley, 461 U.S. at 433. Plaintiff now bears the burden of establishing that the amount of fees and costs he requests are reasonable. Id.

**I.  The Amount to be Awarded**

To make the initial determination of what amount is a reasonable fee, the court should take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley, 461 U.S. at 433.  The product of this multiplication is called the lodestar.  The lodestar provides an "objective basis on which to make an initial estimate of the value of a lawyer's services."  Id.  The district court may either accept the lodestar as the reasonable amount to award the prevailing party or the court may adjust the lodestar upward or downward, depending on the circumstances of the case.  Louisiana Power & Light Co., v. Kellstrom, 50 F.3d 319, 324 (5th Cir.) (citation omitted), cert. denied, L.K. Comstock & Co., Inc. v. Louisiana Power and Light Co., 116 S.Ct. 173, 133 L.Ed.2d 115 (1995).  "There is no precise rule or formula for making these determinations.  The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for their limited success.  The court necessarily has discretion in making this equitable judgment."  Hensley, at 436-37.  The fee applicant bears the burden of proving he is entitled to an award, of documenting the appropriate hours expended, and of justifying the requested hourly rate.  Id.; see also Louisiana Power & Light Co. v. Kellstrom, 50 F.3d at 324 (fee applicant must produce sufficient

documentation to sustain its burden).

### 1.   Hours Reasonably Expended

To determine the hours Plaintiffs reasonably expended pursuing this action, the Court must examine the reasonableness of total time reported by counsel and the time allotted to specific tasks.  Ramos v. Lamm, 713 F.2d 546, 553-54 (10th Cir. 1983).  "It does not follow that the amount of time actually expended is the amount of time reasonably expended."  Ramos, 713 F.2d at 553 (quoting Copeland v. Marshall, 641 F.2d 880, 891(D.C. Cir. 1980) (en banc)).  To satisfy this burden, "[p]laintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended, but at least counsel should identify the general subject matter of his time expenditure."  Hensley, 461 U.S. at 437 n.12.  However, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended [and] the nature and need for the service . . . ."  Id. at 441 (Burger, C.J., concurring).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 434; Louisiana Power & Light Co. v. Kellstrom, 50 F.3d at 324 (court may reduce number of hours awarded if documentation is vague or incomplete).

Mr. Mowery reports that he expended a total of 114.6 hours litigating this suit and preparing the fee petition.  Mr.

Mowery's time records contain numerous entries (totaling over 50 hours) for "researching points of law" with no further explanation.  Such vague entries make it extremely difficult for the Court to evaluate the nature of and need for the time.  Consequently, the Court will reduce Mr. Mowery's time by 20 hours.  In addition, a clearly unreasonable expenditure is the time billed for Mr. Mowery's travel between the Rodey firm's Santa Fe office and the Rodey firm's Albuquerque office.  Travel between a law firm's branch offices is the type of expenditure that should be absorbed by the firm's overhead.  Mr. Mowery's time will be further reduced by 2 hours.

Defendants protest that Plaintiffs' counsel spend excessive amounts of time conferring together and reviewing memoranda from one plaintiffs' counsel to another, resulting in duplicative efforts.  Plaintiffs' counsel concede that "it is certainly possible that because of the interrelatedness of some issues, duplicative research may have occurred."  Plaintiffs' Reply at 4, n1.  Plaintiffs' counsel believe a reduction of five percent from the billings for services plus taxes, exclusive of disbursements, is justified due to duplication of effort.  The Court agrees that a 5% reduction is appropriate.

### 2.  Reasonable Hourly Rate

"The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of

comparable skill and experience practicing in the area in which the litigation occurs would charge in the area." Ramos, 713 F.2d at 555. The Court should use "prevailing market rates in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum, 465 U.S. at 895 & n. 11; see also Beard v. Teska, 31 F.3d 942, 956-97 (10th Cir. 1994). The attorney's customary rate is a relevant but not conclusive factor. Ramos, 713 F.2d at 555. The Court must not determine a "just" or "fair" price, but rather determine what the attorney would receive if he were billing a paying client rather than being paid by court order.

Mr. Dixon's requested hourly rate is $200.00. In support of the requested hourly rate, Mr. Dixon offers affidavits by two attorneys practicing in the civil rights area which state that Mr. Dixon's requested hourly rate is reasonable given his skill and experience. The Court finds that a reasonable hourly rate for Mr. Dixon's services is $200.00 and a reasonable hourly rate for Mr. Mowery and Mr. Fitzgerald's services is $140.00 per hour. These rates are consistent with rates previously awarded by the Court.

**3.   Other Factors which may increase or decrease the Lodestar**

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Hensley, 461 U.S. at 434. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id. at 435. "If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. The result Plaintiffs achieved in this case is neither limited nor exceptional. See Ramos, 713 F.2d at 556-58. Therefore, the Court declines to either reduce or enhance the lodestar

## II.   PARALEGAL FEES

Plaintiffs' counsel also utilized a paralegal to assist with certain aspects in this case. The paralegal's time records indicate she/he expended 2.3 hours working on the case. The paralegal's requested hourly rate is $60.00 per hour. A paralegal's reported hours and requested rates must be analyzed

8

in the same manner as a lawyer's time and rate.  <u>Missouri v. Jenkins</u>, 491 U.S. 274, 285 (1989); <u>Ramos</u>, 713 F.2d at 558-59. The Court finds, and Defendants do not dispute, that the paralegal reasonably expended 2.3 hours assisting in this litigation.  Plaintiff does not offer any evidence of the prevailing market rate for paralegal practicing in this area or of the customary rates clients are charged for this paralegal's services.  However, based on its knowledge of the prevailing market rates in the area and the scant information provided about the paralegal, the Court concludes that the requested rate for the paralegal is reasonable and she/he will therefore be compensated at a rate of $60.00 per hour.

### III.  COSTS

Plaintiffs also petition the Court for costs totaling $1,773.60.  Defendants do not dispute Plaintiffs' cost bill. Rule 54(d) of the Federal Rules of Civil Procedure provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Under this rule, costs include clerk and marshal fees, court reporters' fees, printing and witness fees, copying fees, and certain docket fees.  <u>See</u> 28 U.S.C. § 1920.  Rule 54.2 of the Local Rules for the District of New Mexico also provides that the following costs

are taxable under certain circumstances: transcripts, depositions, lay and court-appointed expert witnesses, interpreter and translator fees, copies of exhibits, and small photographs.

"While only those items listed under Section 1920 may be awarded as costs, other out of pocket expenses incurred during litigation may be awarded as attorney's fees under [42 U.S.C.] section 1988 if (1) the expenses are not absorbed as part of law firm overhead, but are normally billed to a private client; and (2) the expenses are reasonable."  Jane L. v. H. Bangerter, 61 F.3d at 1517 (citation omitted).  Such items may include reasonable travel expenses, telephone charges, and other out of pocket costs not normally absorbed as part of a law firm's overhead.  See Bee v. Greaves, 910 F.2d 686, 690 (10th Cir. 1990) (attorney's travel expenses normally billed to a private client); Ramos, 713 F.2d at 559 (reasonable expert fees, and long distance telephone charges recoverable under 42 U.S.C. § 1988 if such expenses are usually charged separately in the area).

The Court finds that pursuant to 28 U.S.C. § 1920 the expenses listed by Plaintiffs' counsel are reasonable and will be allowed.

**IV.  APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiffs' counsel claim to have expended 16.7 hours preparing their Application for Award of Attorneys' Fees and

Costs and 11 hours preparing their Reply Brief.  A review of the time records reveals that Plaintiffs' counsel is billing approximately $1,100 for drafting the brief in support of their Application for Award of Attorneys' Fees and Costs.  In light of the fact that Plaintiffs' counsel have filed nearly verbatim briefs in support of fees and costs in other actions, the Court finds this amount excessive.  The court also finds that expending $200.00 per hour to draft affidavits is excessive.  Due to the reasons stated above, Plaintiffs' counsels' fees and costs associated with the preparation of the Application for Award of Attorneys' Fees and Costs will be reduced by 50%.

**THEREFORE**,

**IT IS HEREBY ORDERED** that Defendants shall pay Plaintiffs attorneys' fees plus interest and taxes as set forth in Appendix A to this opinion.

**IT IS FURTHER ORDERED** that Defendants shall pay Plaintiffs paralegal's fees plus interest and taxes as set forth in Appendix B to this opinion.

**IT IS FURTHER ORDERED** that Defendants shall pay Plaintiff costs in the amount set forth in Appendix C to this opinion.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

## APPENDIX A

**William S. Dixon, Esq.**

| | | |
|---|---|---|
| Hours Expended | 131.5 | Prior to January 31, 1996 |
| | 13.0 | Application for Attorneys' |
| Fees and Costs | 11.0 | Reply Brief (Attorneys' Fees and Costs) |
| Total Hours Expended | 155.5 | |
| Disallowed Hours | 0 | |
| Billable Hours X | 155.5 | |
| Requested Rate | $200.00 per hour | |

_____

Total Fees Requested   $31,100.00

**W. Mark Mowery, Esq.**

| | | |
|---|---|---|
| Hours Expended | 110.6 | Prior to January 31, 1996 |
| | 4.0 | Application for Attorneys' |
| Fees and Costs | 0 | Reply Brief (Attorneys' Fees and Costs) |
| Total Hours Expended | 114.6 | |
| Disallowed hours | - 22.0 | (Vague time entries and travel) |
| Billable hours X | 92.6 | |
| Requested Rate | $140.00 per hour | |

_____

Total Fees Requested   $12,964.00

**Mr. Fitzgerald, Esq.**

| | | |
|---|---|---|
| Hours Expended | 13.2 | Prior to January 31, 1996 |
| | 0 | Application for Attorneys' |
| Fees and Costs | 0 | Reply Brief (Attorneys' Fees and Costs) |
| Total Hours Expended | 13.2 | |
| Disallowed hours | - 0 | |
| Billable hours X | 13.2 | |
| Requested Rate | $140.00 per hour | |

_____

Total Fees Requested   $1,848.00

12

**Total Fees Requested:**
    Mr. Dixon          $31,100.00
    Mr. Mowery         12,964.00
    Mr. Fitzgerald     1,848.00
                         **$45,912.00**

                         - 2,295.60  (5% reduction for duplication of effort)

  **Subtotal**              **$43,616.40**

                         - 1,550.00  (Application for Attorneys' Fees Adjustment)

**TOTAL FEES AWARDED**    $**42,066.40**

The attorneys are to add applicable gross receipts tax.  Interest at 5.16% is awarded from the date Plaintiff accepted the Offer of Judgment, until paid.

13

## APPENDIX B

**Paralegal Fees**
Reasonable Hours            2.3
X
Reasonable Rate          $60.00
_____
**Fee Awarded**           $138.00

The attorneys are to add applicable gross receipts tax.  Interest at <u>5.16%</u> is awarded from the date Plaintiff accepted the Offer of Judgment, until paid.

**APPENDIX C**

**COST STATEMENT**

Costs allowed pursuant to 28 U.S.C. § 1920 or 42 U.S.C. § 1988:

| Date | Description | Amount |
|---|---|---|
| 01/05/96 | Duplicating Expense | $ 774.80 |
| 02/07/95 | Postage Expense | 1.70 |
| 01/02/96 | Long distance Telephone Expense | 377.24 |
| 01/15/96 | Pick Up Delivery Service | 31.50 |
| 02/11/95 | Courier Service (UPS) | 11.25 |
| 02/18/95 | Courier Service (UPS) | 11.25 |
| 02/18/95 | Courier Service (UPS) | 11.25 |
| 12/23/95 | Courier Service (UPS) | 16.00 |
| 01/13/95 | Fax Machine Charge | 2.00 |
| 02/02/95 | Fax Machine Charge | 27.00 |
| 02/07/95 | Fax Machine Charge | 27.00 |
| 02/13/95 | Fax Machine Charge | 4.00 |
| 03/16/95 | Fax Machine Charge | 8.00 |
| 04/13/95 | Fax Machine Charge | 4.00 |
| 05/12/95 | Fax Machine Charge | 2.00 |
| 06/05/95 | Fax Machine Charge | 6.00 |
| 06/07/95 | Fax Machine Charge | 14.00 |
| 07/13/95 | Fax Machine Charge | 4.00 |
| 08/15/95 | Fax Machine Charge | 3.00 |
| 08/29/95 | Fax Machine Charge | 8.00 |
| 09/06/95 | Fax Machine Charge | 10.00 |
| 11/16/95 | Fax Machine Charge | 30.00 |
| 11/12/95 | Fax Machine Charge | 11.00 |
| 12/13/95 | Fax Machine Charge | 25.00 |
| 01/05/96 | Fax Machine Charge | 8.00 |
| 02/10/95 | Filing Fee for Complaint-- U.S. District Court Clerk | 120.00 |
| 01/20/95 | Mileage Reimbursement | 99.60 |
| 01/04/95 | Photocopying | 3.90 |
| 01/04/95 | Photocopying | 15.00 |
| 01/04/95 | Photocopying | 1.65 |
| 01/04/95 | Photocopying | 14.00 |
| 01/04/95 | Photocopying | 4.05 |
| 01/04/95 | Photocopying | 2.40 |
| 12/14/94 | Westlaw Research | 70.78 |
| 01/04/95 | Westlaw Research | 14.23 |

**TOTAL COST STATEMENT ITEMS AWARDED**     **$1,773.60**

Interest at 5.16% is awarded from the date Plaintiff accepted the Offer of Judgment, until paid.

15